UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:15cv418-FDW

| | |
|---|---|
| TONY ALLEN HERRIN, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | **ORDER** |
| ) | |
| FRANK L. PERRY, ) | |
| ) | |
| Respondent. ) | |
| ) | |

**THIS MATTER** is before the Court upon pro se Petitioner's Motion for Reconsideration pursuant to Rule 59(e) of the Federal Rules of Civil Procedure. (Doc. No. 8).

### I. BACKGROUND

Petitioner is a prisoner of the State of North Carolina who was convicted by a Gaston County Superior Court jury on May 20, 2010, of felonious malicious use of an explosive or incendiary device or material in violation of N.C. Gen. Stat. § 14–49(a). State v. Herrin, 711 S.E.2d 802, 804 (N.C. Ct. App. 2011). The trial court sentenced Petitioner to a minimum term of 133 months and a maximum term of 169 months imprisonment. Id. at 805.

On June 21, 2011, the North Carolina Court of Appeals denied Petitioner's direct appeal, finding no prejudicial error with respect to his trial or sentencing. Id. at 808. Rather than filing a petition for discretionary review in the North Carolina Supreme Court, Petitioner filed an appeal in that court pursuant to N.C. Gen. Stat. § 7A-30, which provides an appeal of right to the North Carolina Supreme Court in certain situations. The appeal was dismissed on October 6, 2011. State v. Herrin, No. 301A11, 732 S.E.2d 158 (N.C. Oct. 6, 2011) (Mem).

According to Petitioner, he filed a Motion for Appropriate Relief ("MAR") in the Gaston

1

County Superior Court on August 13, 2012, and it was denied in October 2012. (Pet. 3, Doc. No. 1.) On September 11, 2014, Petitioner filed a second MAR in the Gaston County Superior Court, which was denied on September 23, 2014. (Pet., supra.)

On August 13, 2015, Petitioner filed a petition for writ of certiorari in the North Carolina Court of Appeals, seeking review of the denial of his September 11, 2014 MAR. (Cert. Pet. 1, State v. Herrin, No. P15-619 (N.C. Ct. App. filed Aug. 13, 2015) available at the North Carolina Supreme Court and Court of Appeals Electronic Filing Site and Document Library, https://ncappellatecourts.org/.) The petition was denied on August 24, 2015. (Order Den. Cert. Pet., Pet. 23, Doc. No. 1.)

Petitioner filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 in this Court on September 2, 2015. The Court dismissed the Petition as untimely on August 25, 2016. (Doc. No. 6.) Petitioner filed the instant Motion for Reconsideration pursuant to Rule 59(e) of the Federal Rules of Civil Procedure on September 7, 2016.

## II. STANDARD OF REVIEW

A district court "has the discretion to grant a Rule 59(e) motion only in very narrow circumstances: '(1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or to prevent manifest injustice.'" Hill v. Braxton, 277 F.3d 701, 708 (4th Cir. 2002) (quoting Collison v. Int'l Chem. Workers Union, 34 F.3d 233, 236 (4th Cir. 1994)).[1] "Rule 59(e) motions may not be used to make arguments that could have been made before the judgment was entered." Hill, 277 F.3d at

---

[1] Petitioner's Motion is considered under Federal Rule of Civil Procedure 59(e) because it was filed within 28 days of entry of judgment. Fed. R. Civ. P. 59(e) ("A motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment.").

708.

## III. DISCUSSION

Petitioner does not contend that there has been an intervening change in the law requiring an alteration or modification of the Court's judgment; nor does he identify a clear error of law in the Court's Order dismissing his Petition. See Hill, 277 F.3d at 708. He also does not allege new facts that were not available at trial. See id. It appears, therefore, that the Rule 59(e) Motion rests upon the notion that the Court should amend or alter its judgment that Petitioner's § 2254 Petition is untimely in order to prevent a manifest injustice. See id.

The "manifest injustice" Petitioner allegedly shall suffer is a sentence that is too lengthy due to a miscalculation of his prior criminal record. Specifically, Petitioner contends that he should not have been assessed points for four impaired driving convictions he accrued prior to enactment of amendments to the North Carolina Structured Sentencing Act. According to Petitioner, without the four impaired driving points, his sentence would have been 78-97 months in prison, rather than 133-169 months.

To the extent Petitioner claims the trial court erred under state law by assigning points for the impaired driving convictions, such a claim is not cognizable on federal habeas review. See Estelle v. McGuire, 502 U.S. 62 (1991). Thus, even if the habeas Petition was timely filed, the Court would dismiss this claim without reviewing the merits.

To the extent Petitioner is attempting to make an ex post facto argument, it also is without merit. The Ex Post Facto Clause of the United States Constitution bars the government from retroactively increase[ing] the punishment for criminal acts." California Dep't of Corr. v. Morales, 514 U.S. 499, 504 (1995); U.S. Const., art. I, § 9, cl. 3. Under the North Carolina

3

Structured Sentencing Act, as amended effective December 1, 1997, each prior conviction for driving while impaired is assigned one prior record point. See N.C. Gen. Stat. § 15A–1340.14(b)(5). The impaired driving convictions at issue here pre-date December 1, 1997, and Petitioner argues that applying the amendment's prior record provisions retroactively is unconstitutional.

Because the prior record provisions serve only to enhance the punishment for present offenses and not to punish a defendant for prior convictions, they are not ex post facto laws. See Gryger v. Burke, 334 U.S. 728, 732 (1948) (Prior convictions used to enhance a sentence are a "stiffened penalty for the [petitioner's] latest crime[.]"). The U.S. Supreme Court has consistently upheld the constitutional validity of enhanced sentences based on recidivism against ex post facto, due process, equal protection, and double jeopardy challenges. See e.g., Ewing v. California, 538 U.S. 11 (2003) (sentence of 25 years to life for theft of golf clubs under California's "three strikes" law upheld under Eighth Amendment); Lockyer v. Andrade, 538 U.S. 63 (2003) (two consecutive terms of 25 years to life for two counts of petty theft under California's "three strikes" law upheld; the gross disproportionality principle under Eighth Amendment reserved only for extraordinary cases); Harmelin v. Michigan, 501 U.S. 957 (1991) (mandatory life without parole for possessing more than 650 grams of cocaine does not violate Eighth Amendment); Spencer v.. Texas, 385 U.S. 554, 560 (1967) (citing cases). Here, Petitioner was being sentenced for an offense that occurred in 2009, not for offenses that pre-dated December 1, 1997. Therefore, the trial court did not violate the ex post facto prohibition by assigning points to his four pre-amendment impaired driving convictions.

Petitioner has not demonstrated that a manifest injustice will occur if the Court does not amend its judgment that the § 2254 habeas Petition is untimely. Consequently, Petitioner's Rule

4

59(e) Motion shall be denied.

## IV. ORDER

**IT IS, THEREFORE, ORDERED** that:

1) Petitioner's Motion for Reconsideration pursuant to Rule 59(e) of the Federal Rules of Civil Procedure (Doc. No. 8) is **DENIED**; and

2) Pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases, the Court declines to issue a certificate of appealability as Petitioner has not made a substantial showing of a denial of a constitutional right. 28 U.S.C. § 2253(c)(2); Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003) (in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong); Slack v. McDaniel, 529 U.S. 474, 484 (2000) (holding that when relief is denied on procedural grounds, a petitioner must establish both that the correctness of the dispositive procedural ruling is debatable, and that the petition states a debatably valid claim of the denial of a constitutional right).

Signed: November 28, 2016

Frank D. Whitney
Chief United States District Judge